**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| CHARLES DARRINGTON, | : | |
| | : | |
| Plaintiff, | : | Civil No. 09-5784 (RMB) |
| | : | |
| v. | : | |
| | : | |
| ERIC TAYLOR, et al., | : | OPINION |
| | : | |
| Defendants. | : | |

**APPEARANCES:**

    CHARLES DARRINGTON, Plaintiff <u>pro se</u>
    725 E. Quince Street, 2nd floor
    Vineland, New Jersey 08360

**BUMB**, District Judge

    This matter was administratively terminated by this Court, by Order entered on November 18, 2009, because it appeared that plaintiff's application for <u>in forma pauperis</u> ("IFP") status was incomplete and no filing fee had been paid. (Docket entry no. 2). On November 30, 2009, Plaintiff submitted a complete IFP application and asked that his case be re-opened, pursuant to the directive in this Court's November 18, 2009. Based on Plaintiff's affidavit of indigence, the Court will grant the application to proceed <u>in forma pauperis</u> pursuant to 28 U.S.C. § 1915(a) (1998) and order the Clerk of the Court to re-open this matter and file the Complaint accordingly.

At this time, the Court must review the Complaint, pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A, to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief.  For the reasons set forth below, the Court concludes that the Complaint should be dismissed in its entirety.

## I.  BACKGROUND

Plaintiff, Charles Darrington ("Darrington"), brings this civil action, pursuant to 42 U.S.C. § 1983, against the following defendants: Eric Taylor, Warden at the Camden County Correctional Facility ("CCCF"); Christopher Fossler, Deputy Warden; Anthony Pizzaro, Deputy Warden; Rodney Greco; Camden County; Camden County Freeholders; Sergeant John Does 1-4; and Lieutenant John Does 1-2.  (Complaint, Caption, ¶¶ 1-6).  The following factual allegations are taken from the Complaint, and are accepted for purposes of this screening only.  The Court has made no findings as to the veracity of plaintiff's allegations.

Darrington alleges that he was housed in Unit 5NB at the CCCF on or about September 14, 2009, when the ceiling began leaking.  Darrington states that the John Doe correctional officers toured the unit for five days and did nothing about the ceiling leak.  On September 15, 2009, Darrington alleges that he filed a grievance concerning the leak.  On September 19, 2009,

Darrington slipped and fell down the stairs due to the water leak. (Compl., ¶¶ 14-17).

Darrington states that he suffered injuries that "warranted the medical staff to place the Plaintiff on pain medication." (Compl., ¶ 18). The leak was fixed on September 23, 2009. (Compl., ¶ 14).

Darrington asserts that the named defendants violated his Eighth Amendment right to be free from cruel and unusual punishment. Namely, plaintiff alleges that defendants showed deliberate indifference to a known risk of harm to plaintiff. (Compl., Count 1). Darrington seeks declaratory and injunctive relief, namely, that the defendants correct the conditions at CCCF. He also seeks unspecified money damages. (Compl., Prayer for Relief).

To the extent that Darrington seeks only declaratory and injunctive relief, his claim for such relief must be dismissed because he is no longer confined at CCCF. A prisoner lacks standing to seek injunctive and declaratory relief if he is no longer subject to the alleged conditions. See Abdul-Akbar v. Watson, 4 F.3d 195, 197 (3d Cir. 1993); Weaver v. Wilcox, 650 F.2d 22, 27 (3d Cir. 1981). Here, on March 19, 2010, this Court received a notice of change of address from plaintiff, indicating that Darrington had been released from jail. (See Docket entry no. 4).

3

II.     STANDARDS FOR A SUA SPONTE DISMISSAL

The Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996), requires a district court to review a complaint in a civil action in which a prisoner is proceeding in forma pauperis or seeks redress against a governmental employee or entity.  The Court is required to identify cognizable claims and to sua sponte dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. §§ 1915(e)(2)(B) and 1915A.  This action is subject to sua sponte screening for dismissal under both 28 U.S.C. § 1915(e)(2)(B) an § 1915A.

In determining the sufficiency of a pro se complaint, the Court must be mindful to construe it liberally in favor of the plaintiff.  See Erickson v. Pardus, 551 U.S. 89, 93-94 (2007)(following Estelle v. Gamble, 429 U.S. 97, 106 (1976) and Haines v. Kerner, 404 U.S. 519, 520-21 (1972)).  See also United States v. Day, 969 F.2d 39, 42 (3d Cir. 1992).  The Court must "accept as true all of the allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff."  Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997).  The Court

need not, however, credit a pro se plaintiff's "bald assertions" or "legal conclusions."  Id.

A complaint is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989) (interpreting the predecessor of § 1915(e)(2), the former § 1915(d)).  The standard for evaluating whether a complaint is "frivolous" is an objective one.  Deutsch v. United States, 67 F.3d 1080, 1086-87 (3d Cir. 1995).

A pro se complaint may be dismissed for failure to state a claim only if it appears "'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'"  Haines, 404 U.S. at 521 (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)).  See also Erickson, 551 U.S. at 93-94 (In a pro se prisoner civil rights complaint, the Court reviewed whether the complaint complied with the pleading requirements of Rule 8(a)(2)).

However, recently, the Supreme Court revised this standard for summary dismissal of a Complaint that fails to state a claim in Ashcroft v. Iqbal, 129 S.Ct. 1937 (2009).  The issue before the Supreme Court was whether Iqbal's civil rights complaint adequately alleged defendants' personal involvement in discriminatory decisions regarding Iqbal's treatment during detention at the Metropolitan Detention Center which, if true, violated his constitutional rights.  Id.  The Court examined Rule

5

8(a)(2) of the Federal Rules of Civil Procedure which provides that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2).[1]  Citing its recent opinion in Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), for the proposition that "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do,'" Iqbal, 129 S.Ct. at 1949 (quoting Twombly, 550 U.S. at 555), the Supreme Court identified two working principles underlying the failure to state a claim standard:

> First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.  Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice ... .  Rule 8 ... does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions.  Second, only a complaint that states a plausible claim for relief survives a motion to dismiss.  Determining whether a complaint states a plausible claim for relief will ... be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.  But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not "show[n]"-"that the pleader is entitled to relief."  Fed. Rule Civ. Proc. 8(a)(2).

Iqbal, 129 S.Ct. at 1949-1950 (citations omitted).

The Court further explained that

---

[1]  Rule 8(d)(1) provides that "[e]ach allegation must be simple, concise, and direct.  No technical form is required." Fed.R.Civ.P. 8(d).

> a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

Iqbal, 129 S.Ct. at 1950.

Thus, to prevent a summary dismissal, civil complaints must now allege "sufficient factual matter" to show that a claim is facially plausible. This then "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. at 1948. The Supreme Court's ruling in Iqbal emphasizes that a plaintiff must demonstrate that the allegations of his complaint are plausible. Id. at 1949-50; see also Twombly, 505 U.S. at 555, & n.3; Fowler v. UPMC Shadyside, 578 F.3d 203, 210(3d Cir. 2009).

Consequently, the Third Circuit observed that Iqbal provides the "final nail-in-the-coffin for the 'no set of facts' standard" set forth in Conley v. Gibson, 355 U.S. 41, 45-46 (1957),[2] that applied to federal complaints before Twombly. Fowler, 578 F.3d at 210. The Third Circuit now requires that a district court

---

[2] In Conley, as stated above, a district court was permitted to summarily dismiss a complaint for failure to state a claim only if "it appear[ed] beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Id., 355 U.S. at 45-46. Under this "no set of facts" standard, a complaint could effectively survive a motion to dismiss so long as it contained a bare recitation of the claim's legal elements.

must conduct the two-part analysis set forth in Iqbal when presented with a motion to dismiss:

> First, the factual and legal elements of a claim should be separated. The District Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. [Iqbal, 129 S.Ct. at 1949-50]. Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "plausible claim for relief." [Id.] In other words, a complaint must do more than allege the plaintiff's entitlement to relief. A complaint has to "show" such an entitlement with its facts. See Phillips, 515 F.3d at 234-35. As the Supreme Court instructed in Iqbal, "[w]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show [n]'-'that the pleader is entitled to relief.'" Iqbal, [129 S.Ct. at 1949-50]. This "plausibility" determination will be "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id.

Fowler, 578 F.3d at 210-211.

This Court is mindful, however, that the sufficiency of this pro se pleading must be construed liberally in favor of Plaintiff, even after Iqbal. See Erickson v. Pardus, 551 U.S. 89 (2007). Moreover, a court should not dismiss a complaint with prejudice for failure to state a claim without granting leave to amend, unless it finds bad faith, undue delay, prejudice or futility. See Grayson v. Mayview State Hosp., 293 F.3d 103, 110-111 (3d Cir. 2002); Shane v. Fauver, 213 F.3d 113, 117 (3d Cir. 2000).

III. <u>SECTION 1983 ACTIONS</u>

Plaintiff brings this action pursuant to 42 U.S.C. § 1983, alleging a violation of his Eighth Amendment rights against cruel and unusual punishment. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress ... .

Thus, to state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States and, second, that the alleged deprivation was committed or caused by a person acting under color of state law. <u>West v. Atkins</u>, 487 U.S. 42, 48 (1988); <u>Piecknick v. Pennsylvania</u>, 36 F.3d 1250, 1255-56 (3d Cir. 1994).

IV. <u>ANALYSIS</u>

It appears from the allegations in the Complaint that Darrington is asserting that the conditions of his confinement was unconstitutional. It is not clear whether Darrington was a pretrial detainee or a convicted inmate at the time he was confined at CCCF, when the alleged conditions occurred, although plaintiff does invoke the Eighth Amendment in his Complaint. Accordingly, the Court will consider Darrington's claim under both the Eighth and Fourteenth Amendments.

"The Eighth Amendment to the United States Constitution prohibits any punishment which violates civilized standards and concepts of humanity and decency." Young v. Quinlan, 960 F.2d 351, 364 (3d Cir. 1992), superseded on other grounds by 42 U.S.C. § 1997e(a).  A prisoner does not lose this protection despite a prison sentence, for "the treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment." Helling v. McKinney, 509 U.S. 25, 31 (1993).  In order to establish a claim under the Eighth Amendment based on conditions of confinement, the Supreme Court has set forth a two-part test with objective ("Was the deprivation sufficiently serious?") and subjective ("Did the officials act with a sufficiently culpable state of mind?") components.  Wilson v. Seiter, 501 U.S. 294, 298 (1991).  The objective element requires a prisoner to show that his living conditions amounted to a "serious deprivation of basic human needs." Rhodes v. Chapman, 452 U.S. 337, 347 (1981).  The subjective element demands that the prisoner demonstrate "that prison officials acted or failed to act with deliberate indifference." Ingalls v. Florio, 968 F. Supp. 193, 198 (D.N.J. 1997).

With regards to the objective prong, "the Constitution does not mandate comfortable prisons." Rhodes, 452 U.S. at 347.  "To the extent that such conditions are harsh, they are part of the penalty that criminal offenders pay for their offenses against

10

society."  Id.  Conditions of confinement for convicted criminals are unconstitutional only when they "deprive inmates of the minimal civilized measure of life's necessities."  Id.  Indeed, under the Due Process Clause, as well as the Eighth Amendment, prison officials must satisfy inmates' "basic human needs - e.g., food, clothing, shelter, medical care, and reasonable safety." Helling v. McKinney, 509 U.S. 25, 32 (1993).

Here, Darrington's major complaint concerning the conditions of his confinement at CCCF involves his allegation that the ceiling leaked in his housing unit, causing plaintiff to slip and fall.  In other words, it appears that Darrington is alleging that defendants failed to exercise due care in maintaining the jail and fixing the ceiling leak immediately when he complained about it.  However, where defendants merely have failed to exercise due care in failing to prevent harm to an inmate, as alleged in this instance, such negligence is insufficient to establish a violation of the Eighth or Fourteenth Amendment.  See Davidson v. Cannon, 474 U.S. 344, 345-48 (1986); Schwartz v. County of Montgomery, 843 F. Supp. 962 (E.D. Pa.), aff'd, 37 F.3d 1488 (3d Cir. 1994) (mere negligence insufficient to support a § 1983 action for violation of the Eighth or Fourteenth Amendments).

Therefore, this Court dismisses the complaint in its entirety, for failure to state a claim upon which relief may be granted, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and

1915A(b)(1).  The Court will dismiss the complaint without prejudice, however.  In the event Plaintiff is alleging that the Defendants intentionally or with deliberate indifference knowingly created a risk for the Plaintiff thereby causing him injury, he may file an amended complaint within thirty days, at which time the Court will reopen the matter and conduct a further screening.  This Court also finds that plaintiff's Complaint alleging a claim of negligence is subject to dismissal for lack of subject matter jurisdiction.  Darrington may proceed with his negligence claim against the named defendants only if there is federal jurisdiction and, under the facts of the case, there is federal jurisdiction only if plaintiff and defendants are citizens of different states, and the amount in controversy exceeds the sum of $75,000.00, exclusive of interest and costs.  28 U.S.C. § 1332.  Under § 1332, a corporation is deemed to be a citizen of the state in which it is incorporated and the state in which it has its principal place of business.

It has long been recognized that, to found jurisdiction upon § 1332, there must be complete diversity among all parties, *i.e.*, each plaintiff must be a citizen of a different state from each defendant.  <u>Owen Equipment and Erection Co. V. Kroger</u>, 437 U.S. 365 (1978).  In particular, if a sole plaintiff and any one of several defendants are citizens of the same state, complete diversity is lacking and the action would have to be dismissed for lack of jurisdiction.  <u>Id</u>.

In the present case, the Complaint alleges that all of the defendants and plaintiff are citizens of the State of New Jersey, and are domiciled or reside or do business in New Jersey. (Compl., ¶¶ 1-6). Therefore, the Complaint does not assert complete diversity between plaintiff and defendants to satisfy § 1332(a). Additionally, Darrington fails to alleges that his matter in controversy exceeds the sum or value of $75,000.00.

Accordingly, because the Complaint fails to assert diversity jurisdiction, pursuant to 28 U.S.C. § 1332(a), and there is no federal question jurisdiction over any state law claim that may be construed from the Complaint against the named defendants, as set forth above, pursuant to 28 U.S.C. § 1331, this Court will dismiss the Complaint with prejudice for lack of subject matter jurisdiction.

## IV.   CONCLUSION

For the reasons set forth above, plaintiff's Complaint will be dismissed with prejudice, in its entirety, as against all named defendants, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1), for failure to state a claim upon which relief may be granted, and for lack of subject matter jurisdiction under either diversity jurisdiction pursuant to 28 U.S.C. § 1332(a), or federal question jurisdiction under 28 U.S.C. § 1331.  An

appropriate order follows.

                                         s/Renée Marie Bumb
                                         RENÉE MARIE BUMB
                                         United States District Judge

Dated: July 30, 2010